No. 73.—R. J. Snelling, administrator, &c. plaintiff in error, *vs.* Sarah E. Dorrell, by her next friend, &c. defendant in error.

[1.] The 61st Common Law Rule of Practice, provides that a motion for a new trial, shall not operate as a *supersedeas*, unless an order to that effect be

entered on the minutes : and in every application for a new trial, a brief of the testimony in the cause, shall be filed by the party applying for such new trial, under the revision and approval of the Court : *Held*, that all the purposes, except as to the *supersedeas*, is subserved, when the brief of the testimony accompanying the rule and appended to it, is entered, with it, on the minutes ; and that the revision of and approval by the Court, will be inferred from such entry.

Motion for new trial, in Stewart Superior Court.    Decision by Judge Crawford, April Term, 1854.

Counsel for S. Dorrell moved to discharge the rule *nisi* for a new trial, granted in this cause, on the grounds—

1st. That there was no written approval of the brief of evidence by the Court, nor entry of such approval on the minutes.

2d. That there was no written entry, by the Clerk, of the *filing* of the brief of the evidence, in his office.

The facts were, that a brief of the evidence, oral and written, was filed with the rule *nisi*, and entered, *in extenso*, upon the minutes of the Court ; and these minutes approved and signed by the presiding Judge.

The Court below granted the motion, and discharged the rule for a new trial.    This decision is assigned as error.

Judge Benning having been formerly of counsel in this case, did not preside.

Tucker ; H. Holt, for plaintiff in error.

Jones & Gaulding, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] These points may be considered as having been settled by the previous adjudications of this Court, touching the 61st Common Law Rule of Practice, namely: that a motion for a new trial must be accompanied by a brief of the testimony approved by the Court or agreed upon by counsel, and that approval or agreement entered upon the minutes of the Court ; and that the brief thus approved or agreed upon, be filed with

the. Clerk.   The case made in this record, has never been decided.

In this case, the brief of the testimony was entered upon the minutes of the Court, immediately after the rule *nisi* for a new trial, which minutes were examined and approved by the Court. Did this satisfy all the demands of the 61st rule?

That rule requires that a brief of the testimony should accompany the application for a new trial; the motion is made upon that testimony.   The Court cannot entertain the motion, unless and until the evidence is briefed.   When we find them on the minutes, and immediately following the rule, are we not warranted in inferring that it was presented to and approved by the Court, at the time the motion was made?   What authority had the Clerk to record it, unless it had been?

We have, then, not merely the inferential approval of the Court, by his attestation of the minutes, (and we are bound to presume that he would not certify to what was not true,) but the actual and special approval of this brief, is deducible from its being appended to the rule, and entered on the minutes with it.   Besides, if the facts assumed in the rule *nisi*, are not true, it is the duty of the opposing counsel to controvert them, at the time the application is made.   We are bound to believe that this was done.   Nothing can be argued on the motion but the law arising upon the facts contained in the brief.   Would the Court, under these circumstances, direct this paper to go upon its minutes, unless satisfied of its correctness?   Is not this the legal intendment of this entry?

Was the brief of the testimony filed?   We frankly admit that it was not.   The object for requiring this to be done, is two-fold—first, to preserve it; and secondly, to have it deposited where it will be readily accessible, at all times, to both parties, in order to make their preparation for the argument on the rule.   Are not both of these purposes as well, if not better attained, by placing this brief upon the minutes?   True, it is not necessary to record the proof; still, we have no hesitation in holding, that if done, as in this case, it will fully subserve all the objects of the rule.